The Honorable Jodie Mahony State Senator 106 W. Main, Suite 406 El Dorado, Arkansas 71730-5693
This is in response to your request for an opinion on the following question:
 The Mount Holly School District elects its Board of Directors from single member zones. Last year, the incumbent of one zone did not run for reelection, and no one else ran for that seat. After the school election, the incumbent did not wish to continue to serve as a holdover, and resigned his seat. The remaining members of the Board of Directors did not appoint anyone to the vacancy as permitted by A.C.A. § 6-13-611, and after 30 days, lost the ability to do so, also as provided by A.C.A. § 6-13-611. To date, no one has been appointed to the vacancy. At the recent school election, no one ran for the position, and it is still vacant. By virtue of the new school election, is the position considered newly vacant, which would give the board of directors the ability to appoint someone to fill it, or is it considered to have been continuously vacant, which would mean that only the County Board of Education has the legal authority to make the appointment?
RESPONSE
It is my opinion that the vacancy you describe has been a continuous one, and as such, the county board of education is empowered to fill the vacancy under A.C.A. § 6-13-611(b).[1]
The relevant statute, A.C.A. § 6-13-611, provides as follows:
 (a) If a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
 (b) If, as a result of several vacancies on the board, only a minority of the directors remain or if the remaining directors fail to fill vacancies within thirty (30) days, the vacancies shall be filled by appointment by the county board of education.
 (c) All appointed directors shall serve only to the next annual school election, at which time the electors shall select in the usual manner directors to serve the unexpired terms of the vacating directors.
It appears from a review of the facts you have presented that the position at issue came up for reelection (i.e. the term of office expired and was to be filled) at the September 1998 annual school election. No one ran for the position and the incumbent served briefly as a "holdover" and then resigned. The school board did not make an appointment to fill the vacancy under A.C.A. § 6-13-611 (a), and the county board of education has, to date, not made an appointment to fill the vacancy under A.C.A. § 6-13-611(b). The September 1999 annual school election has now passed, and no one ran to fill out the unexpired term of office pursuant to A.C.A. § 6-13-611 (c) above. Your question is whether the passing of the 1999 annual school election, and the failure to elect anyone at that election, render the vacancy a "new one" such that the school board directors have newly acquired the power to fill the vacancy under A.C.A. § 6-13-611(a), or whether this particular vacancy is a continuing one, such that the county board of education retains the power to fill the vacancy under A.C.A. § 6-13-611 (b).
It is my opinion that the county board of education is empowered to fill the vacancy if it acts before July 1, 2000, but that after that date, the power to fill the vacancy will lie with the county quorum court. See n. 1, supra.
In my opinion the September 1999 annual school election did not have the effect of rendering the position "newly vacant." The school board position at issue, according to my understanding of the facts, was not, in the ordinary course, up for election in September 1999. That is, a new regular term of office began, according to my understanding, in September 1998. The only reason the position would have been on the ballot in September 1999 would have been for the purpose of filling the unexpiredterm of office of the holdover director who resigned. In this regard, there are two ways to fill a school board vacancy. The board of directors is empowered to fill it, and if they can't or don't, the county board of education is empowered to fill it. In either case, the appointee serves only until the next school election at which time a director is elected to serve the remainder of the unexpired term. The position you describe is still vacant, because the directors did not act to fill it, the county board did not act to fill it, and it was not filled at the next annual school election. In my opinion, therefore, this vacancy is a continuing one, and the county board of education is therefore empowered to fill it.
The situation might be different if the vacancy remained unfilled until the annual school election at which the position was, in the ordinary course, up for election to a full term. A stronger argument could be made in that instance that the failure of anyone to file for the position created a new vacancy for that term of office.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Effective July 1, 2000, Act 1078 of 1999, which amend A.C.A. §6-13-611, empower the county quorum court to fill the vacancy.